UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4223 PA (JPRx) | Date | May 14, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LivHOME, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Plaintiff Diane Khachaturian filed a Complaint against defendant LivHOME, Inc. ("Defendant") on February 18, 2020 in this Court. See Diane Khachaturian v. LivHOME, Inc. et al., Case No. CV 20-01584 PA (JPRx). On February 20, 2020, the Court dismissed the Complaint for lack of subject matter jurisdiction because Plaintiff had failed to properly allege the citizenship of Defendant. The Court granted Plaintiff leave to amend and instructed that any amended complaint should be filed no later than February 27, 2020. On March 9, 2020, the Court found that Plaintiff had abandoned her claims by failing to file an amended complaint in compliance with the Court's order. The Court therefore dismissed the action without prejudice for lack of prosecution and failure to comply with a Court order.

    Plaintiff re-filed the action in Los Angeles County Superior Court, Case No. 20STCV08469, on February 28, 2020. (Dkt. 1 ("Removal") ¶2.) Plaintiff served the Summons and Complaint to Defendant on April 8, 2020. (Id. at ¶4.) Defendant then removed the action to this Court on May 8, 2020. The Notice alleges this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶7.)

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4223 PA (JPRx) | Date | May 14, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LivHOME, Inc. et al. | | |

1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

The Notice of Removal states, "Plaintiff was employed by Defendant and worked in the County of Los Angeles, which is in the State of California.  [See Ex. A., Compl. ¶ 3.]  Additionally, Plaintiff reported that she lived in California at all times during her employment.  [See Decl. of A. Medoff ¶ 5(b)].  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal."  (Removal ¶14.)  And Defendant's declaration from Ari Medoff simply states, "[d]uring the entirety of Ms. Khachaturian's employment with LivHOME, her personnel documents listed a California address for her place of residence."  (Dkt. 1-2 at 3.)  But residence is not necessarily the same as domicile.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Without more, Defendant has not adequately alleged Plaintiff's state of domicile, and thus Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id.

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims.  This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV08469, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.